**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENN ELLSWORTH and JACQUELINE ELLSWORTH, H/W, | No. 4:25-CV-02149 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| TENDER TOUCH REHAB SERVICES, LLC; TENDER TOUCH REHAB PA, LLC; ENHANCE THERAPIES OPCO, LLC and ENHANCE THERAPIES, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JUNE 17, 2025**

## I.    BACKGROUND

Plaintiffs Glenn Ellsworth ("Mr. Ellsworth") and Jacqueline Ellsworth ("Mrs. Ellsworth") (collectively, "Plaintiffs") sued Defendants Tender Touch Rehab Services, LLC, Tender Touch Rehab PA, LLC, Enhance Therapies Opco, LLC, and Enhance Therapies, LLC (collectively, "Defendants") for negligence and loss of consortium arising out of a fall that Mr. Ellsworth experienced on May 12, 2023 while in the care of Defendants.[1] The suit was originally filed on May 16, 2025, in the Court of Common Pleas of Philadelphia County,[2] but was removed to the United

---

[1]    Doc. 9 (Amend. Compl.).
[2]    Doc. 1-1 (Exhibit A) at 1, 2.

States District Court for the Eastern District of Pennsylvania by Defendants and subsequently transferred to this Court.[3]

Defendants brought their first motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on December 3, 2025, asserting the claim was facially barred by the applicable statute of limitations. This Court granted the motion to dismiss without prejudice, finding that the complaint was facially barred by the statute of limitations.[4] Plaintiffs filed a second amended complaint on March 17, 2026, and Defendants again moved to dismiss on the same grounds as the original motion.[5] The issue is now ripe for disposition. For the reasons stated below, Defendants' motion to dismiss is granted with prejudice.

## II.    LAW

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[6] and *Ashcroft v. Iqbal*,[7] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[3]    Doc. 1 (Not. of Removal).
[4]    Doc. 33 (Mem. Op.) at 7.
[5]    Doc. 35 (Amend. Compl.); Doc. 36 (Mot.); Doc. 37 (Br. in Supp.).
[6]    550 U.S. 544 (2007).
[7]    556 U.S. 662 (2009).

on its face.'"[8] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[9]

Typically, the statute of limitations should be raised as an affirmative defense; however, "a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint."[10]

## B.    Facts Alleged in the Second Amended Complaint

The facts alleged in the second amended complaint are largely the same as the facts in the first amended complaint. I have previously set out the facts in detail in my previous Memorandum Opinion, and will provide only a brief overview here.

The facts relevant to the instant motion are brief and straightforward. Mr. Ellsworth had a patella tendon repair surgery on May 2, 2023 and was admitted to a skilled nursing facility.[11] During a therapy session on May 12, 2023, Defendants'

---

[8]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[9]    *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[10]    *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010).
[11]    Doc. 35 at ¶¶ 13-14.

3

employee attempted to help Mr. Ellsworth stand and walk despite his status as a fall risk, requiring a two-person assist.[12] As a result, Mr. Ellsworth was "dropped and/or caused to fall down to the ground, resulting in injury to him," including a patella tendon tear/rupture to the recently repaired patella.[13] Mr. Ellsworth "was bedridden and in pain for days following these events."[14] Mr. Ellsworth was not aware of the extent of his injury until May 16, when he received an x-ray, and did not know or have any reason to believe that Defendants acted negligently in the course of his fall until much later.[15] Plaintiffs filed the original complaint on May 16, 2025, two years and four days after his fall.[16]

The only changes in Plaintiffs' second amended complaint are conclusory allegations regarding the fact that, at the time of his fall, Plaintiffs did not know 1) the extent of Mr. Ellsworth's injury or 2) that Defendants' conduct fell below the standard of care.[17]

### C.    Analysis

Pennsylvania proscribes, as applicable here, a two-year statute of limitation for personal injury stemming from "the wrongful act or neglect or unlawful violence

---

[12]   Doc. 35 at ¶¶ 19-21.
[13]   Doc. 35 at ¶ 26.
[14]   Doc. 35 at ¶ 30.
[15]   *Id.* at ¶¶ 22-25.
[16]   Doc. 1.
[17]   Doc. 35 at ¶¶ 22, 25, 38.

or negligence of another."[18] "The two-year statute of limitations generally begins to run 'when an injury is inflicted.'"[19] However, to protect parties who are "reasonably unaware of latent injuries or suffer from injuries of unknown etiology," the Pennsylvania "discovery rule" tolls the applicable statute of limitations until plaintiff discovers, or should have discovered, the injury.[20] "The rule is thus intended 'to ensure that persons who are reasonably unaware of an injury that is *not immediately ascertainable* have essentially the same rights as those who suffer an immediately ascertainable injury.'"[21]

"Under the Pennsylvania discovery rule, the 'commencement of the limitations period is grounded on inquiry notice that is tied to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice to the full extent of the injury, the fact of actual negligence, or precise cause.'"[22] "The statute of limitations accordingly begins to run when the plaintiff knew or, exercising reasonable diligence, should have known (1) he or she was injured and (2) that the injury was caused by another."[23] This is an objective inquiry, and "a plaintiff's actions are examined to

---

[18]  42 Pa.C.S. § 5524(2); *see also Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 474-75 (E.D. Pa. 2013).

[19]  *Adams v. Zimmer*, 943 F.3d 159, 163 (3d Cir. 2019) (quoting *Wilson v. El-Daief*, 600 Pa. 161 (2009)).

[20]  *Id.*; *Kennedy*, 2020 WL 4050459, at *7.

[21]  *Kennedy*, 2020 WL 4050459, at *7 (quoting *Nicolaou v. Martin*, 195 A.3d 880, 892 n.13 (Pa. 2018)) (emphasis added).

[22]  *Adams*, 943 F.3d at 163 (quoting *Gleason v. Borough of Moosic*, 609 Pa. 353 (Pa. 2011)).

[23]  *Id.*

determine whether the plaintiff demonstrated 'those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.'"[24] Moreover, Plaintiffs bear the burden of showing their reasonable diligence.[25]

Typically, the notice and diligence of Plaintiff are for the jury to determine, but where reasonable minds cannot differ in finding that a party "'knew or should have known on the exercise of reasonable diligence of his injury and its cause . . . the discovery rule does not apply as a matter of law.'"[26] "'Pennsylvania's formulation of the discovery rule reflects a narrow approach to determining accrual for limitations purposes and places a greater burden upon Pennsylvania plaintiffs vis-á-vis the discovery rule than most other jurisdictions.'"[27]

The Third Circuit has stated that, under the Pennsylvania discovery rule, actual or constructive knowledge of one's harm does not require "'notice to the full extent of the injury, the fact of actual negligence, or precise cause.'"[28] Instead, the discovery rule protects parties "who *are reasonably unaware of latent injuries* or suffer from injuries of unknown etiology."[29]

---

[24]   *Kennedy*, 2020 WL 4050459, at *8 (quoting *Nicolaou*, 195 A.3d at 893).
[25]   *Adams*, 943 F.3d at 163-64.
[26]   *Adams*, 943 F.3d at 164.
[27]   *Kennedy*, 2020 WL 4050459, at *7 (quoting *Gleason*, 609 Pa. at 362 (2011)).
[28]   *Adams*, 943 F.3d at 163 (quoting *Gleason*, 15 A.3d at 484).
[29]   *Id.* (emphasis added).

Plaintiffs plead that, on May 12, 2023, Mr. Ellsworth was dropped and/or caused to fall to the ground.[30] After the fall, he needed three people to help him back into his wheelchair, and was bedridden in pain for days.[31] For the same reasons I set out in my prior Memorandum Opinion, the discovery tolling rule does not apply here.[32] That is, this is not the kind of "latent" injury not readily discoverable to Plaintiffs to justify tolling the applicable statute of limitations;[33] to the contrary, Mr. Ellsworth was certainly on notice that he had an injury when he fell to the ground and was bedridden in pain for days. Reasonable minds cannot differ on this point.

In the second amended complaint, Plaintiffs add a variety of quite minimal edits that do not address the deficiencies laid out in my prior analysis.[34] Plaintiffs' edits relate only to their assertion that, at the time of Mr. Ellsworth's fall, Plaintiffs did not know the extent of Plaintiffs' injury nor that Defendants fell below the standard of care. However, it is clear that the Pennsylvania discovery rule is not dependent on either of those considerations, as Plaintiffs need not be aware of "'the full extent of the injury, the fact of actual negligence, or precise cause.'"[35] Plaintiffs

---

[30] Doc. 35 at ¶¶ 27, 30.

[31] Doc. 35 at ¶ 30.

[32] Doc. 33.

[33] *Adams*, 943 F.3d at 163.

[34] Nor is the Court benefitted by Plaintiffs' insistence on bolding and underlining arguments they believe the Court should revisit. Doc. 39-1 at 4-5, 9-10. The Court read in detail those very arguments in the first submission. The Court wonders, though, whether Plaintiffs gave the same attention to the Court's prior Memorandum Opinion, given that Plaintiffs' choice to reiterate the same arguments previously dismissed without addressing the legal deficiencies enumerated by this Court.

[35] *Adams*, 943 F.3d at 163 (quoting *Gleason*, 609 Pa. at 484).

minimal new pleadings, therefore, do not render Plaintiffs' claim timely, nor do they address in any way the applicable law.

Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[36] A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[37] Given that the Court has already allowed Plaintiffs a further opportunity to fix these deficiencies, and that Plaintiffs have failed to address the relevant issues, I find that permitting any further amendment would be futile.

Accordingly, Plaintiffs claims remain untimely pursuant to the applicable statute of limitations. Therefore, Defendants' motion to dismiss under Rule 12(b)(6) is granted with prejudice.

## III. CONCLUSION

Defendants' motion to dismiss Plaintiffs' claim as barred by the applicable statute of limitations under Rule 12(b)(6) is granted with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

[37] *Id.*